# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SEANN WOESSNER, *et al.*,<br><br>　　　　Defendants. | 1:18-cv-1587-LJO-JLT<br><br>MEMORANDUM DECISION AND ORDER RE MOTION TO DISMISS AND MOTION TO STAY<br>(ECF Nos. 6, 7) |

Plaintiff Bennie Brown's complaint was removed to this Court by Defendants Seann Woessner, Nicholas Benavente, Damian Romero, and Nathan Poteete (collectively "Defendants") pursuant to 28 U.S.C § 1331 on November 16, 2018. ECF No. 1. The complaint asserts two causes of action against Defendants alleging violations of 42 U.S.C. § 1983 for use of excessive force (count 1) and failure to prevent the use of excessive force (count 2) in the course of arresting Plaintiff on May 22, 2017 for violating traffic laws. *Id.* The conduct alleged includes punching Plaintiff in the face, knocking him to the ground and placing body weight on top of him "in effectuating the arrest of Plaintiff." ECF No. 1 at 8.

Following the incident arrest, Plaintiff was charged with (1) assault with a deadly weapon on a peace officer in violation of California Penal Code § 245(c); (2) recklessly evading a peace officer in violation of California Vehicle Code § 2800.2; (3) obstructing and resisting a peace officer in violation of California Penal Code § 148(a)(1); and (4) hit and run resulting in property damage in violation of California Vehicle Code § 20002(a). ECF No. 6-2 at 3. On November 14, 2018, Plaintiff was found guilty

of all charges except for the California Penal Code § 245(c) charge which resulted in a hung jury. *Id.*

On December 18, 2018, Defendants filed a motion to dismiss Plaintiff's complaint on the ground that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). ECF No. 7.[1] *Heck* bars suits that are based on theories that "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence." 512 U.S. at 486-87. Plaintiff did not oppose Defendants' motion. *See* ECF No. 11. Defendants' unopposed motion to dismiss is GRANTED. Based on the allegations in the operative complaint, the conduct complained of occurred "during the course of effecting the arrest of Plaintiff." ECF No. 1 at 8. Therefore, the claim is barred by *Heck* since Plaintiff has been convicted of violating California Penal Code § 148(a)(1) in connection with his arrest on May 22, 2017. ECF No. 1 at 8; *see Smith v. City of Hemet*, 394 F.3d 689, 696 (9th Cir. 2005) ("A conviction for resisting arrest under § 148(a)(1) may be lawfully obtained only if the officers do not use excessive force *in the course* of making that arrest") (emphasis in original). However, in an abundance of caution, the Court grants Plaintiff one opportunity to amend the complaint in light of case law indicating that certain factual circumstances might give rise to a viable 42 U.S.C. § 1983 claim associated with excessive force used during an arrest despite a California Penal Code § 148(a)(1) conviction. *See, e.g., Sanford v. Motts*, 258 F.3d 1117, 1120 (9th Cir. 2001) ("[I]f [the officer] used excessive force subsequent to the time [plaintiff] interfered with [the officer's] duty, success in [his] section 1983 claim will not invalidate [his] conviction. *Heck* is no bar.").

## CONCLUSION AND ORDER

1. Defendants' motion to dismiss the complaint, ECF No. 7, is GRANTED WITH LEAVE TO AMEND; and

2. Defendants' motion to stay, ECF No. 6, is DENIED as moot.

3. The motion to dismiss hearing currently set for January 28, 2019 is VACATED.

---

[1] On November 19, 2018, Defendants initially filed a motion to stay on the grounds that the criminal case arising out of the incident giving rise to this litigation was ongoing since the California Penal Code § 245(c) charge was to be retried on January 2, 2019. ECF No. 6. In submitting the motion to dismiss, Defendants submit that the district attorney does not intend to retry the § 245(c) charge. ECF No. 7 at 4. The motion to stay is therefore denied as moot. ECF No. 6.

Plaintiff shall file any amended complaint within thirty (30) days of service of this Memorandum Decision and Order.

IT IS SO ORDERED.

Dated: **January 18, 2019**         /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE