UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SEANN WOESSNER, et al.,<br><br>　　　　　Defendants. | Case No.: 1:18-cv-1587-LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITHOUT PREJUDICE |

Bennie Brown asserts the defendants are liable for the use of excessive force and failure to prevent the use of excessive force in the course of his arrest. (*See* Doc. 1) Because Plaintiff has failed to comply with the Local Rules and failed to prosecute this action, the Court recommends the matter be **DISMISSED**.

**I.　　Background**

Plaintiff initiated this action by filing a complaint on August 29, 2018, in Kern County Superior Court, Case No. BCV-18-102143-SDS. (Doc. 1 at 4) Defendants filed a Notice of Removal on November 16, 2018, thereby initiating the matter before this Court.

On November 19, 2018, the Court issued its new civil case documents to the parties, and served Plaintiff by mail to the address identified on his state court complaint. (Doc. 5; *see also* Doc. 1 at 4) However, the documents were returned as "undeliverable" and "unable to forward" to the Court on December 6, 2018.

1

On December 18, 2018, the defendants filed a motion to dismiss the complaint, asserting Plaintiff's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. 7) The Court noted Plaintiff was convicted of violating California Penal Code § 148(a)(1) in connection with his arrest on May 22, 2017, and determined his claims for excessive force were barred. (Doc. 12) However, the Court granted Plaintiff an "opportunity to amend the complaint in light of case law indicating that certain factual circumstances might give rise to a viable 42 U.S.C. § 1983 claim associated with excessive force used during an arrest despite a California Penal Code § 148(a)(1) conviction." (*Id.* at 2) The Court directed the plaintiff to file an amended complaint within thirty days of the date of service (*id.* at 3), or no later than February 20, 2019. However, this order was also returned as undeliverable to the Court, with the United States Postal Service indicating there was "No Such Address" on February 1, 2019.

Each document issued by the Court to Plaintiff has been returned as undeliverable. To date, Plaintiff's correct address remains unknown, because he has not filed a "Notice of Change of Address" with the Court.

**II.     Requirements of the Local Rules**

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his current address: "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." LR 183(b). Because more than 63 days have passed since the first documents were returned as undeliverable on December 6, 2018, he has failed to comply with the Local Rules.

**III.    Failure to Prosecute**

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply

with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to comply with the Local Rules, or failure to obey a court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831.

## IV. Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

### A. Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon Plaintiff's failure to comply with the Local Rules and failure to take action to continue prosecution in a timely manner. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (explaining a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of dismissal of the action.

///

### B. Prejudice to Defendants

To determine whether the defendants have been prejudiced, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Plaintiff has not taken any action to prosecute the action following the filing of the complaint in state court and the removal to federal court, including responding to the defendants' motion to dismiss or filing an amended complaint. Accordingly, this factor weighs in favor of dismissal.

### C. Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff.

### D. Public policy

Given Plaintiff's failure to comply with the Local Rules and failure to prosecute the action, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors").

### V. Findings and Recommendations

Plaintiff has failed to follow the requirements of the Local Rules or to prosecute this action. As set forth above, the factors set forth by the Ninth Circuit weigh in favor of dismissal of the matter. Accordingly, the Court **RECOMMENDS**:

1. This action be **DISMISSED**; and
2. The Clerk of Court be directed to close this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local

Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these Findings and Recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **February 21, 2019**                    **/s/ Jennifer L. Thurston**
                                                UNITED STATES MAGISTRATE JUDGE